1  **WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Saks, et al., | No. CV-20-00396-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Government Employees Insurance Company, | |
| Defendant. | |

Before the Court is GEICO's motion to dismiss for failure to state a claim, which is fully briefed. (Docs. 7-9.) For the following reasons, the Court will grant GEICO's motion.[1]

**I. Background**

On November 27, 2017, Herschel Saks ("Decedent") was in a fatal car crash with an underinsured motorist. (Doc. 1-3 at 6.) At the time of the accident, Decedent was driving a vehicle insured under his son's and daughter-in-law's GEICO auto policy ("Auto Policy"), and was listed as an "additional driver" thereunder. (*Id.* at 7.) Decedent was also an "insured" under the couple's personal umbrella policy ("Umbrella Policy"). The Auto Policy provided uninsured and underinsured motorist ("UM/UIM") coverage in the amount of $300,000 per person and $500,00 per incident but, contrary to Plaintiffs' belief, the

---
[1] GEICO's request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

Umbrella Policy explicitly excluded UM/UIM coverage from its $1,000,000 coverage. (*Id.* at 8.) On November 15, 2019, Plaintiffs, as Decedent's beneficiaries, filed a complaint in Maricopa County Superior Court, bringing claims against GEICO for breach of reasonable expectations and professional negligence. (*Id.* at 5-11.) GEICO removed the action to this Court on February 24, 2020 and moved to dismiss on March 2, 2020. (*Id.* at 30-34; Doc. 7.) The motion is now ripe.

**II. Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2008).

**III. Discussion**

Plaintiffs assert that GEICO acted against Plaintiffs' reasonable expectations by failing to provide the $1,000,000 UM/UI motorist coverage that Plaintiffs believed they were entitled to by purchasing the Umbrella Policy. (Doc. 1-3 at 9.) It is undisputed that the Umbrella Policy's agreement, at all relevant times, unambiguously stated, "We do not cover damages resulting from: []**Personal injury** or **property damage** resulting from an uninsured or underinsured motorist claim unless a premium is shown for the uninsured or underinsured motorist coverage in the declarations." (Doc. 7-1 at 13) (emphasis in original.) It is also undisputed that no premium was shown for uninsured or underinsured

motorist coverage in the declarations.

Nevertheless, an insurer may still be liable, even when the plaintiff's expectations are contrary to the unambiguous written language of the policy, under the following circumstances:

> (1) Where the contract terms, although not ambiguous to the court, cannot be understood by the reasonably intelligent consumer who might check on his or her rights, the court will interpret them in light of the objective, reasonable expectations of the average insured;
>
> (2) Where the insured did not receive full and adequate notice of the term in question, and the provision is either unusual or unexpected, or one that emasculates apparent coverage;
>
> (3) Where some activity which can be reasonably attributed to the insurer would create an objective impression of coverage in the mind of a reasonable insured;
>
> (4) Where some activity reasonably attributable to the insurer has induced a particular insured reasonably to believe that he has coverage, although such coverage is expressly and unambiguously denied in the policy.

*Gordinier v. Aetna Cas. & Sur. Co.*, 742 P.2d 277, 283-84 (Ariz. 1987) (citations omitted). None of the *Gordinier* exceptions apply.

First, Plaintiffs have not provided a reason why the agreement's clear terms, expressly excluding coverage for damages "resulting from an uninsured or underinsured motorist claim unless a premium is shown for the uninsured or underinsured motorist coverage in the declarations," could not be understood by a reasonably intelligent consumer.

Second, the exclusion of UM/UIM coverage in this "personal umbrella *liability* insurance agreement" is not unusual or unexpected and does not emasculate apparent coverage. The provision is not unusual, because A.R.S. § 20-259.01(L) expressly authorizes insurers to forego providing UM/UIM coverage within umbrella policies. *See Farmers Ins. Co. of Ariz. v. Voss*, 935 P.2d 875, 876 (Ariz. Ct. App. 1996) ("When the term at issue is one specifically authorized by statute, it cannot be characterized as unusual."). The provision is not unexpected because the exclusion provision is partially

bolded, in a legible and ordinary-sized font, on page three of a concise six-page policy agreement. The provision also does not emasculate apparent coverage because the very title of the agreement—which Plaintiff Samuel Saks received and read—makes clear that the Umbrella Policy only covers the insured's liability to third persons.

Finally, addressing both the third and fourth exceptions simultaneously, Plaintiffs have alleged no activity that can be reasonably attributed to GEICO that would create an objective impression of coverage in the mind of a reasonable insured or lead an insured to reasonably believe that the Umbrella Policy included $1,000,000 UM/UIM coverage.[2] Rather, Plaintiffs concede in their complaint that GEICO, on multiple occasions, encouraged Plaintiff Samuel Saks to increase his family's UM/UIM coverage under the Auto Policy to $1,000,000 (Doc. 1-3 at 9), which runs contrary to the assertion that GEICO represented that the coverage Plaintiff Samuel Saks already possessed included $1,000,000 UM/UIM coverage. Based on the foregoing, Plaintiffs fail to state a claim against GEICO for breach of reasonable expectations.

Next, Plaintiffs allege GEICO breached its duty of care to Plaintiff Samuel Saks by failing to reasonably inform him of the coverage that was and was not included in the Auto and Umbrella Policies, thereby causing Plaintiffs to unknowingly forego the UM/UIM coverage they sought to possess. (Doc. 1-3 at 10.) However, GEICO disclosed within the Umbrella Policy agreement—which Plaintiff Samuel Saks had a duty to read—the absence of UM/UIM coverage in the policy. Further, the Court is unfamiliar with any Arizona law,

---

[2] Plaintiffs, in their response, cite to three excerpts of GEICO form letters accompanying the Umbrella Policy paperwork to suggest that Plaintiff Samuel Saks had an objectively reasonable expectation that the GEICO Umbrella Policy provided UM/UIM coverage. The first excerpt reads, "Your GEICO Personal Umbrella Policy is designed to protect you against possible liabilities that might exceed the limits of your primary GEICO policy or another policy. In addition, your GEICO Personal Umbrella Policy covers you for some things that may not be covered by any other insurance you might have." (Doc. 8 at 5.) The second excerpt reads, "Enclosed you will find renewal papers for your GEICO Personal Umbrella Policy. You can feel comfortable knowing that you and your loved ones have continued protection from the catastrophic legal defense costs or losses that could easily result from an unexpected claim." (*Id*. at 6.) Finally, the third excerpt reads, "Think of a Personal Umbrella Policy like a safety net for everyday life. It protects your assets in the event of a significant incident." (*Id.*) Nothing in these excerpts indicates that the Umbrella Policy provides any UM/UIM coverage. Rather, the excerpts generally emphasize that the Umbrella Policy expands *liability* coverage and covers "legal defense costs" rather than first-party UM/UIM claims.

and Plaintiffs direct the Court to none, which imposes a personal duty on an insurer, itself, to inform policyholders of the coverages and relevant exclusions. Rather, Arizona has imposed on individual insurance agents a duty to uphold a certain standard of care. *Darner Motor Sales, Inc. v. Univ. Underwriters Ins. Co.*, 682 P.2d 388, 403 (Ariz. 1984). Plaintiffs make no allegations against an individual insurance agent, and GEICO cannot be held liable for professional negligence without the participation of such agents. Consequently, Plaintiffs fail to state a claim against GEICO for professional negligence.

**IT IS ORDERED** that GEICO's motion to dismiss (Doc. 7) is **GRANTED**. The Clerk of Court is directed to terminate this case.

Dated this 26th day of March, 2020.

Douglas L. Rayes
United States District Judge